UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEUTSCHE BANK SECURITIES, INC.,

                Plaintiff,

v.

MARIA DE LOS ANGELES APARAIN BORJAS and BRALISOL ASSOCIATES LTD.,

                Defendants.

Case No. 18-cv-10191

---

## COMPLAINT

Plaintiff Deutsche Bank Securities, Inc. ("DBSI"), by and through its undersigned counsel, Cahill Gordon & Reindel LLP, hereby respectfully submits this Complaint against Defendants Maria De Los Angeles Aparain Borjas ("Borjas") and Bralisol Associates, Ltd. ("Bralisol Associates"), and alleges in support as follows:

### NATURE OF THE ACTION

1.     DBSI brings this action to enjoin Defendants from arbitrating a dispute against it, given the absence of any agreement between the parties to submit disputes to arbitration or any customer relationship whatsoever creating an obligation to arbitrate.

2.     On August 7, 2018, Defendants filed a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") in New York entitled *Maria De Los Angeles Aparain Borjas and Bralisol Associates, Ltd. v. Carlos Javier Legaspy, et al.*, FINRA Case No. 18-02781 (the "FINRA Arbitration"). Defendants' Statement of Claim is incorporated herein by reference. Defendants named DBSI among the respondents.

3. Defendants amended their Statement of Claim on October 11, 2018. Defendants' Amended Statement of Claim is incorporated herein by reference.

4. In the FINRA Arbitration, Defendants assert various claims against DBSI, including for breach of contract, breach of FINRA industry rules, aiding and abetting common law and statutory fraud, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, negligence, gross negligence, and "money had and received."

5. Defendants have not alleged the existence of any agreement with DBSI to submit disputes among themselves and DBSI to arbitration, whether through FINRA or otherwise, and DBSI is not aware of any such agreement.

6. Defendants do not claim to have maintained any account at DBSI and DBSI is aware of none.

7. Defendants do not adequately allege the purchase or sale of any good or service to or from DBSI.

8. DBSI has no known contractual agreement whatsoever with either Defendant.

9. Neither Defendant is a customer of DBSI.

10. Rule 12200 of FINRA's Code of Arbitration Procedure for Customer Disputes (the "FINRA Code") obligates DBSI, as a FINRA member firm, to arbitrate certain disputes with its customers. Rule 12200 does not, however, obligate FINRA members to arbitrate disputes with *non*-customers.

11. DBSI has no legal or other obligation to arbitrate the claims asserted in the FINRA Arbitration.

12. Accordingly, DBSI commences this action for a declaration that it has no obligation to arbitrate Defendants' claims, and to permanently enjoin Defendants from proceeding with the FINRA Arbitration as against DBSI.

13. Absent injunctive relief, DBSI will sustain immediate and irreparable harm for which it will have no adequate remedy at law, as it will be forced to arbitrate the dispute set forth in the FINRA Arbitration in the absence of any agreement to arbitrate. Courts in this District routinely grant injunctive relief to prevent this harm, and this Court should do so here.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the causes of action asserted in this Complaint pursuant to 28 U.S.C. § 1332(a)(2) (diversity of citizenship) because, upon information and belief, this dispute is between a citizen of this state and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000, exclusive of interest and costs.

15. This Court has personal jurisdiction over the Defendants because Defendants have requested that the FINRA Arbitration be heard in New York and because Defendants' actions and occurrences giving rise to this dispute occurred in New York.

16. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the FINRA Arbitration will be conducted in New York and because a substantial part of the events and occurrences giving rise to this dispute occurred in New York.

## PARTIES

17. Plaintiff DBSI is a Delaware corporation with its principal place of business in New York, New York.

18. Defendant Maria De Los Angeles Aparain Borjas is an individual and, upon information and belief, is a resident of a foreign state.

19. Upon information and belief, Defendant Bralisol Associates is a corporation or an unincorporated legal entity organized under the laws of a foreign state, with its principal place of business in a foreign state, and all of its shareholders, owners, and/or beneficial owners are residents of foreign states.

## FACTUAL ALLEGATIONS

20. Defendants initiated the FINRA Arbitration on August 7, 2018, by filing their Statement of Claim with FINRA in New York.

21. Defendants' Statement of Claim, as amended on October 11, 2018, alleges that Defendants held securities accounts with Insight Securities, Inc. ("Insight"), for which Pershing LLC ("Pershing") provided clearing services. Both Insight and Pershing are named as respondents in the FINRA Arbitration.

22. The Statement of Claim further alleges that Defendants' independent investment advisor, Fernando Haberer, instructed Insight to transfer the balance of Defendants' securities accounts to DBSI in order to cover the deficit in an unrelated, separate custody account (the "Rado Account"). The Rado Account is a custody account which is held by Rado Limited Partnership at DBSI's affiliate, Deutsche Bank Trust Company Americas ("DBTCA"). The Rado Account was also managed by Haberer and beneficially owned by Diego Alejandro Saul Romay. None of DBTCA, Rado Limited Partnership, Haberer, or Romay is named as a party to the FINRA Arbitration.

23. Despite Defendants' allegation, the securities in question were not received by DBSI, but by DBTCA's sub-custodian on behalf of the Rado Account.

24. DBTCA is not a FINRA member firm. Defendants have alleged no relationship or agreement to arbitrate with DBTCA, and DBTCA is not aware of any such relationship.

25. The Rado Account is the subject of a separate action, commenced by DBTCA and currently pending before this Court. *Deutsche Bank Trust Company Americas* v. *Rado Limited Partnership*, No. 18-cv-06768 (S.D.N.Y.) (DLC) (the "Rado Action").

26. Defendants do not allege any agreement, written or otherwise, among themselves and DBSI—or any DBSI affiliate—to arbitrate disputes among them.

27. Rule 12200 of the FINRA Code requires FINRA members, including DBSI, to arbitrate certain disputes with customers "when requested by [a] customer."

28. Courts in this District and elsewhere have repeatedly interpreted Rule 12200 of the FINRA Code to provide that a "customer" is one who purchases goods or services from a FINRA member, or has an account with a FINRA member, and have enjoined FINRA arbitrations where the defendant investor did not have an account with the plaintiff and did not purchase services or commodities from the plaintiff.

29. Defendants did not maintain any account with DBSI.

30. Defendants did not purchase or sell securities from/to DBSI.

31. Defendants did not receive investment advice from DBSI.

32. DBSI requires the relief sought herein to enjoin arbitration of the claims set forth in the FINRA Arbitration without DBSI's consent, and will be imminently and irreparably harmed by the absence of such relief.

33. Defendants will suffer no harm or prejudice if this Court grants DBSI's requested relief.

### FIRST CLAIM FOR RELIEF

#### (Declaratory Judgment)

34. DBSI repeats and realleges each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

35. DBSI has no agreement, written or otherwise, to arbitrate any disputes with Defendants, including the dispute and the claims described in Defendants' Statement of Claim.

36. Defendants are not "customers" of DBSI under Rule 12200 of the FINRA Code.

37. Declaratory relief is appropriate because the dispute between DBSI and Defendants is concrete and imminent.

38. Accordingly, DBSI respectfully requests that the Court declare that the FINRA Arbitration may not be arbitrated against DBSI and that DBSI has no obligation to submit to arbitrate the FINRA Arbitration.

## SECOND CLAIM FOR RELIEF

### (Injunction)

39. DBSI repeats and realleges each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

40. DBSI has no agreement, written or otherwise, to arbitrate any disputes with Defendants, including the dispute and the claims described in Defendants' Statement of Claim.

41. Defendants are not "customers" of DBSI under Rule 12200 of the FINRA Code.

42. DBSI will suffer immediate and irreparable harm if it is forced to arbitrate claims that it did not agree to arbitrate and is not obligated to arbitrate.

43. DBSI has no adequate remedy at law.

44. The balance of equities favors enjoining the FINRA Arbitration as to DBSI.

45. The public interest will be served by enjoining the FINRA Arbitration as to DBSI.

46. DBSI respectfully requests that the Court enjoin Defendants from arbitrating the claims set forth in the Statement of Claim against DBSI.

## PRAYER FOR RELIEF

**WHEREFORE,** DBSI respectfully requests that the Court:

(A) Declare that DBSI has no obligation to arbitrate any claims with Defendants, including those alleged in the Statement of Claim;

(B) Enjoin Defendants from arbitrating the FINRA Arbitration or any related claims against DBSI; and

(C) Any other relief that the Court believes is just and proper.

Dated: November 2, 2018
New York, New York

CAHILL GORDON & REINDEL LLP

By: _____
David G. Januszewski
Sesi V. Garimella

Eighty Pine Street
New York, New York 10005
(212) 701-3000
djanuszewski@cahill.com
sgarimella@cahill.com

*Attorneys for Plaintiff Deutsche Bank Securities, Inc.*