UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
DEUTSCHE BANK SECURITIES, INC.,     :
                                    :
                    Plaintiff,      :    18cv10191(DLC)
          -v-                       :
                                    :    ORDER
MARIA DE LOS ANGELES BORJAS and     :
BRALISOL ASSOCIATES LTD.,           :
                                    :
                    Defendants.     :
                                    :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/10/19

DENISE COTE, District Judge:

On July 27, 2018, Deutsche Bank Trust Company Americas ("DBTCA") filed an action, 18 Civ. 6768, to recover a deficit of approximately $2 million from Rado Limited Partnership ("Rado"). Rado is an accountholder that is related to the defendants in this action, Maria De Los Angeles Aparain Borjas ("Borjas") and Bralisol Associates Ltd. ("Bralisol"). On August 7, in response to the July 27 complaint, Borjas and Bralisol initiated a Financial Industry Regulatory Authority ("FINRA") arbitration (the "Borjas Arbitration") against plaintiff Deutsche Bank Securities, Inc. ("DBSI"), nonparty Insight Securities, Inc. ("Insight"), and other nonparties related to Insight.[1] On November 2, DBSI filed this action seeking (1) a declaratory judgment that it is not required to submit to the Borjas

---

[1] An amended statement of claim was filed on October 11.

Arbitration and (2) a preliminary injunction enjoining the Borjas Arbitration from proceeding against it.

The November 2 complaint in this action asserted diversity jurisdiction pursuant to 28 U.S.C § 1332(a)(2). For the purposes of diversity jurisdiction, plaintiff DBSI is a citizen of Delaware and New York, and defendants Borjas and Bralisol are citizens of foreign states.[2] Having determined that this Court possessed subject matter jurisdiction over the parties and claims asserted in the November 2 complaint, an Opinion of November 28 enjoined the Borjas Arbitration against DBSI on the grounds that the claimants could not show they were customers of DBSI and thus could not invoke FINRA's jurisdiction over the dispute. Deutsche Bank Sec., Inc. v. Borjas, No. 18cv10191(DLC), 2018 WL 6200045, at *3-4 (S.D.N.Y. Nov. 28, 2018) ("November 28 Opinion"). The November 28 Opinion further stayed this case pending resolution of related claims in the July 27 action brought by DBTCA.[3]

---

[2] Defendant Borjas is an individual. She is a citizen of either Uruguay or Argentina. Defendant Bralisol is a corporation organized under the laws of the British Virgin Islands. Its principal place of business is either the British Virgin Islands, Uruguay, or Argentina.

[3] An Opinion of April 25, 2019 in the related action granted DBTCA's motion to dismiss Rado's counterclaims. Deutsche Bank Trust Co. Americas v. Rado Ltd. P'ship, No. 18cv6768(DLC), 2019 WL 1863273, at *9 (S.D.N.Y. Apr. 25, 2019). On May 24, DBTCA moved for summary judgment.

2

Following the issuance of a preliminary injunction, nonparties Insight and its owner, Carlos Legaspy ("Legaspy"), asserted third-party claims against DBSI in both the Borjas Arbitration and another subsequently-filed FINRA arbitration in Florida brought by Clodi Holdings Ltd. ("Clodi Arbitration").[4] Insight and Legaspy are respondents in both the Borjas and Clodi Arbitrations; they are both FINRA members. Through their assertion of third-party claims, they seek to hold DBSI and Reynaldo Figueredo ("Figueredo"), a DBSI employee, liable for any damages or costs they may be required to pay in either the Borjas or Clodi Arbitrations.

On May 8, 2019, DBSI moved in this case for an order (1) lifting the stay of this action, (2) permitting DBSI to amend its complaint, join Figueredo as a plaintiff, and join Insight and Legaspy as defendants, and (3) clarifying or modifying the scope of the preliminary injunction so as to bar Insight and Legaspy from pursuing third-party claims against DBSI and Figueredo in the Borjas and Clodi Arbitrations. The motion

---

[4] Clodi Holdings Ltd. ("Clodi") is related to Rado; both Rado and Clodi are owned or controlled by trusts created or settled by Diego Romay, who is related by marriage to the Rado accountholders, the defendants in this case, and Fernando Haberer ("Haberer"). Clodi is represented by the same counsel as the claimants in the Borjas Arbitration. Like the claimants in the Borjas Arbitration, Clodi alleges that Haberer improperly diverted assets from its account at Insight and asserts that a portion of these funds were routed to the Rado Account at DBTCA.

3

became fully submitted on May 31.[5]

DBSI's proposed amended complaint asserts two bases for subject matter jurisdiction. As with the November 2 complaint, it asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. DBSI's proposed amendments, however, would appear to defeat diversity jurisdiction by joining as a defendant Insight, which, like DBSI, is a citizen of Delaware.[6] See 28 U.S.C. § 1367(b). DBSI also asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, but DBSI has provided no explanation in either its pleading or its brief of the basis for federal question jurisdiction in this case. Accordingly, DBSI's motion to amend the complaint is denied without prejudice.

To the extent DBSI's motion seeks alternative relief in the form of an order merely clarifying the scope of the existing injunction, that motion must also be denied. Although DBSI referred to ancillary jurisdiction in its reply brief, DBSI has not explained the legal authority by which a court may clarify

---

[5] On May 24, 2019, nonparties Insight and Legaspy filed a letter in this case opposing the motion. Insight and Legaspy did not move to intervene pursuant to Rule 24, Fed. R. Civ. P. Nor did counsel for Insight and Legaspy file a notice of appearance or otherwise move for admission pro hac vice.

[6] DBSI asserts in its proposed amended complaint that Insight is a Delaware corporation with its principal place of business in Illinois.

or modify an injunction in the way DBSI seeks without an amendment of the underlying complaint.

## Conclusion

DBSI's May 8, 2019 motion is denied without prejudice.

SO ORDERED:

Dated:   New York, New York
         July 10, 2019

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　DENISE COTE
　　　　　　　　　　　　　　　　　United States District Judge

5